IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DELLA CARR, guardian *ad litem for* minor child A. P. O/B/O AMY PETTINGILL (deceased),)))) | |
| Plaintiff,)) | Civil Case No. 06-825-ST |
| vs.)) | OPINION AND ORDER |
| MICHAEL J. ASTRUE[1], Commissioner of Social Security,)))) | |
| Defendant.) | |

Tim Wilborn
Wilborn Law Office, P.C.
19093 S. Beavercreek Road, PMB #314
Oregon City, Oregon 97045

    Attorney for Plaintiff

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Linda S. McMahon as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Page 1 - OPINION AND ORDER

>Karin J. Immergut
>United States Attorney
>District of Oregon
>Neil J. Evans
>United States Attorney's Office
>1000 S.W. Third Avenue, Suite 600
>Portland, Oregon  97204-2902
>
>Leisa A. Wolf
>Michael McGaughran
>Social Security Administration
>Office of the General Counsel
>701 Fifth Avenue, Suite 2900 M/S 901
>Seattle, Washington  98104
>
>>Attorneys for Defendant

KING, Judge:

The Honorable Janice Stewart, United States Magistrate Judge, filed Findings and Recommendation on May 21, 2007.  Plaintiff filed timely objections to the Findings and Recommendation.  When either party objects to any portion of a magistrate's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate's report.  28 U.S.C. § 636(b)(1); <u>McDonnell Douglas Corp. v. Commodore Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert. denied</u>, 455 U.S. 920 (1982).  The matter is before this court pursuant to 28 U.S.C. § 636(1)(b)(B) and Federal Rule of Civil Procedure 72(b).

I gave de novo review of the rulings of Magistrate Judge Stewart and adopt her findings on everything except the remedy.

To recap, Pettingill had three back surgeries, with the last in July 2002, was diagnosed with breast cancer in December 2002, underwent a mastectomy in January 2003 and had

chemotherapy through April 2003, and died of unknown causes in August 2004.  The Commissioner found that Pettingill was disabled during a closed period from January 1, 2000 through September 30, 2002.

The Magistrate Judge found that the ALJ did not properly discredit the opinion of Pettingill's primary care physician, Dr. Harris.  He stated that the radiation and chemotherapy caused symptoms so severe that Pettingill was too ill to complete an 8-hour work day on more than one day per month.

Pettingill's friend, Carr, testified that from July 2002 until the time of Pettingill's death, she experienced four to five bad days every week during which the most she was able to do was get dressed and feed her young child.  In a written statement, Carr stated on September 23, 2004 that over the last two years, Pettingill spent at least one day a week in pain so severe that she spent most of the day in bed, getting up only to provide necessary care for her child.  The Magistrate Judge correctly found that the ALJ had not commented at all on these parts of Carr's testimony.

The court has the discretion to remand the case for additional evidence and findings or to award benefits.  Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).  The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited.  Id.  The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however.  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).  The court has the flexibility to remand to allow the ALJ to make further

Page 3 - OPINION AND ORDER

determinations, including reconsidering the credibility of the claimant. Id. On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

This is the unusual case in which it is clear from the record that Pettingill is unable to work due to the number of absences she would have, as stated in the testimony of Dr. Harris and Carr. Vocational testimony verifies this.

The decision of the Commissioner is reversed. The case is remanded for a finding of disability from January 1, 2000 and reinstatement of benefits until her death.

IT IS SO ORDERED.

Dated this ___11th___ day of June, 2007.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge