IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DELLA CARR, guardian *ad litem* for minor child A.
P. O/B/O AMY PETTINGILL (deceased),

                    Plaintiff,

     v.

MICHAEL J. ASTRUE, Commissioner of the Social
Security Administration,

                    Defendant.

CV 06-825-ST

FINDINGS AND
RECOMMENDATION


STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff filed this action pursuant to the Social Security Act, 42 USC § 405(g), to obtain

judicial review of a final decision of the Commissioner of the Social Security Administration.

On behalf of the minor child of the insured, plaintiff sought benefits from January 1, 2000,

through the date of the insured's death in August 2004.  On April 4, 2007, this court issued its

1 - FINDINGS AND RECOMMENDATION

Findings and Recommendation (docket # 22) recommending that the ALJ's decision should be reversed and remanded for further administrative proceedings. Plaintiff then filed objections to the Findings and Recommendation, arguing that the ALJ's decision should be reversed and benefits should be reinstated. By Opinion and Order dated June 11, 2007 (docket # 30), Judge King adopted the Findings and Recommendation, except for the remedy and reversed and remanded the Commissioner's decision for reinstatement of benefits.

As the prevailing party, plaintiff has now filed an Application for Fees Pursuant to the Equal Access to Justice Act, 28 USC § 2412(d) ("EAJA") (docket # 34), in the sum of $12,000.00. The Commissioner objects to the amount requested. For the reasons set forth below, plaintiff should be awarded EAJA fees in the reduced sum of $7,121.40.

## DISCUSSION

The EAJA mandates an award of attorney fees, costs, and expenses to a party who prevails against the United States "in any civil action . . ., including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 USC § 2412(d)(1)(A).[1] The Commissioner does not plead substantial justification.

Plaintiff requests an hourly rate of $161.85, to which the Commissioner does not object. Based on a March 1996 amendment, the EAJA now specifies a maximum rate of $125.00 per

---

[1] EAJA fees are different from fees available under 42 USC § 406(b)(1)(A) (up to 25% of the total past-due benefits to which the claimant is entitled), and must be separately awarded. Because they offset one another, an award of fees under both statutes does not amount to double recovery for the attorney. *Russell v. Sullivan*, 930 F2d 1443, 146 (9th Cir 1991). The award under 42 USC § 406(b)(1)(A) "merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services." *Id*. The dual fee awards are proper as long as the attorney gives the smaller of the two awards to his client to compensate the claimant for litigation costs. *Id*. The claimant is then responsible for paying the attorney the difference between the two awards.

hour for attorney fees, which may be increased if the cost-of-living or a special factor justifies a higher rate. 28 USC §2412(d)(2)(A). The formula for the adjustment as measured by the Consumer Price Index for All Urban Consumers ("CPI-U") is "$125.00/hour x (CPI-U current/155.7)." *Ramon-Sepulveda v. INS*, 863 F2d 1458, 1462-63 (9th Cir 1988). The CPI-U adjustment is for the year in which fees were earned. *Sorenson v. Mink*, 239 F3d 1140, 1149 (9th Cir 2001). Plaintiff's attorney fees were incurred primarily in 2006. The average CPI-U for 2006 was 201.6.[2] Accordingly, the current formula ($125.00 x (201.6/155.7)) justifies an increase in the hourly rate from $125.00 to $161.85.

However, the Commissioner objects to the number of hours requested as unreasonable. Plaintiff's three attorneys (Tim Wilborn, Ralph Wilborn, and Betsy Stephens) expended more than 79.59 hours of work related to this matter. Multiplying the hourly rate by the hours expended yields a total of $12,881.64. However, plaintiff acknowledges that some duplication of effort may have occurred by two attorneys drafting the opening brief. Therefore, plaintiff has subtracted a bit over 5.0 hours and also has omitted the time expended by one attorney to draft the objections to the Findings and Recommendation. As a result, plaintiff requests a fee of $12,000.00. Without challenging specific time entries, the Commissioner posits that this was a routine disability case that should not have taken more than 40 hours, for a total of $6,474.00 in fees.

The issue presented here is very similar to the attorney fee issue recently decided by Judge Mosman in *Harden v. Comm'r Soc. Sec. Admin.*, 497 F Supp2d 1214 (D Or 2007). In that case, the same three attorneys sought $12,263.76 in fees, representing 95.9 hours of attorney

---

[2] This statistic is obtained from the U. S. Department of Labor website: http://data.bls.gov/cgi-bin.

3 - FINDINGS AND RECOMMENDATION

time.  Judge Mosman agreed with the Commissioner that the hours were excessive and should be

reduced to 40 hours.  As he noted, "[t]here is some consensus among the district courts that 20-

40 hours is a reasonable amount of time to spend on a social security case that does not present

particular difficulty."  *Id* at 1215 (citations omitted).  He agreed that "this range provides an

accurate framework for measuring whether the amount of time counsel spent is reasonable."  *Id.*

Characterizing the case as routine, he concluded that "it was not the complexity of the case that

caused the lengthy expense of time, but rather the inexperience of new counsel."  *Id.*

Similarly this court adopts the 20-40 hour range as time reasonably spent in social

security cases absent circumstances warranting a greater time commitment.  Here plaintiff

appealed the ALJ's decision that the insured's back condition improved medically from

September 30, 2002, until her death in August 2004 despite a diagnosis of breast cancer in

December 2002 that was in remission.  In particular, she challenged the ALJ's evaluation of the

medical evidence and rejection of two treating doctors' and one lay witness's opinions.  Each of

these issues was fairly discrete and involved clearly established law.  The administrative record

was lengthy (622 pages), but not as long as many records in other social security appeals.

Plaintiff seeks fees for 14.84 hours expended by Tim Wilborn, 33.00 hours expended by

Ralph Wilborn, and 31.75 hours expended by Betsy Stephens.  Ralph Wilborn, an attorney with

significant experience in social security cases, spent 4.0 hours reviewing the exhibits, assessing

the merits, and drafting internal memoranda.  Betsy Stephens, an inexperienced attorney, then

spent 31.75 hours analyzing the file and drafting the opening brief after which Ralph Wilborn

spent another 18.5 hours reviewing, researching and drafting the final version.  Altogether, these

two attorneys spent 54.25 hours on the opening brief of 20 pages, half of which summarized the

administrative record.  By comparison, in *Harden* Betsy Stephens spent 57.5 hours researching

and drafting the opening brief while Ralph Wilborn, spent another 12 hours editing the opening

brief, for a total of 69.5 hours.  Even though Betsy Stephens reduced her time by about a third in

this case, Ralph Wilborn increased his time by about a third.  As in *Harden*, this court concludes

that the number of hours expended was caused primarily by inexperienced counsel and that "it is

unreasonable to shift the total financial burden of training new counsel onto the government,"

including the extra hours to edit her work.  *Id* at 1216.  Plaintiff's voluntary reduction of 5.0

hours is not sufficient to account for the duplication of work.

    In addition, this court notes that Tim Wilborn does not charge by tenths (0.10) of an hour

(6 minutes), as do many attorneys, but instead charges in increments of 0.17 (10 minutes), 0.25

(15 minutes) or 0.33 (20 minutes) per hour.  He charges a minimum of 10 minutes for every

telephone call, every review of a piece of paper, and nearly every letter.  This court found at least

25 such entries for 0.17 hour, although clearly not every telephone call or review of a letter or

order takes 10 minutes.  Billing 25 such entries as 0.10 hour, instead of 0.17 hour, would result

in a reduction of 100 minutes or about 1.5 hours. Although a minimum charge of 0.17 per hour

may be an acceptable method of billing a client, it is not a proper exercise by counsel of "billing

judgment" when requesting an award of fees from the opposing party.  *Hensley v. Eckerhart*, 461

US 424 (1983).

    One aspect of the presentation of the case requiring an adjustment of the generally

acceptable range was plaintiff's need to file objections to the Finding and Recommendation.

Tim Wilborn spent .50 hour and Ralph Wilborn spent 5.0 hours researching and drafting

plaintiff's objections.

Therefore, this court recommends that the number of compensable hours under the EAJA be reduced from 79.59 to 44.0 hours, representing the maximum of 40 hours for a routine disability case, less 1.5 hours for excess billing by Tim Wilborn, plus 5.5 hours researching and drafting plaintiff's objections to the Finding and Recommendation. Accordingly, plaintiff should be entitled to recover EAJA fees for 44.0 hours at the hourly rate of $161.85, for a total of $7,121.40.

## **RECOMMENDATION**

Plaintiff's Application for Fees Pursuant to the Equal Access to Justice Act (docket # 34) should be GRANTED in the reduced sum of $7,121.40.

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due by November 16, 2007. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 30th day of October 30, 2007.


/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge


6 - FINDINGS AND RECOMMENDATION