IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DELLA CARR, guardian *ad litem* for minor child A. P. O/B/O AMY PETTINGILL deceased,<br><br>              Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>              Defendant. | Civil Case No. 06-825-ST<br><br>ORDER |

Tim Wilborn
Wilborn Law Office, P.C.
19093 S. Beavercreek Road, PMB #314
Oregon City, Oregon  97045

      Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon

Page 1 - ORDER

>Neil J. Evans
>United States Attorney's Office
>1000 S.W. Third Avenue, Suite 600
>Portland, Oregon  97204-2902
>
>Leisa A. Wolf
>Michael McGaughran
>Social Security Administration
>Office of the General Counsel
>701 Fifth Avenue, Suite 2900 M/S 901
>Seattle, Washington  98104
>
>>Attorneys for Defendant

KING, Judge:

The Honorable Janice Stewart, United States Magistrate Judge, filed Findings and Recommendation on October 30, 2007.  The matter is before this court.  See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).  Plaintiff has filed objections and defendant has filed a response.

When either party objects to any portion of a magistrate's Findings and Recommendation concerning a dispositive motion or prisoner petition, the district court must make a de novo determination of that portion of the magistrate's report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); Fed. R. Civ. P. 54(d)(2)(D) (motion for attorneys' fees treated as a dispositive pretrial matter under Rule 72(b)).

Having given a de novo review of the issues raised in the objections to the Findings and Recommendation, I modify Judge Stewart's Findings and Recommendation.

Judge Stewart awarded fees in the amount of $7,121.40, which represented 44.0 hours at $161.85 per hour.  The Commissioner did not object to the hourly fee, but did object to the total number of hours requested by plaintiff's counsel without identifying any specific time believed to be unreasonable.  Judge Stewart reduced the compensable hours to 44.0, from the 79.59 submitted by plaintiff's counsel, because she concluded that a routine disability case ought to take between 20 and 40 hours.  She also reduced Tim Wilborn's hours by 1.5 to account for his practice of billing in 10 minute increments rather than 6 minute increments.  Finally, she adjusted the total upward to account for the hours plaintiff's counsel spent on drafting objections to Judge Stewart's Findings and Recommendation on the merits of the case.

Under EAJA, the award of fees must be "reasonable."  28 U.S.C. § 2412(d)(2)(A).  Courts use the factors set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) in assessing the reasonableness of the fee request.  INS v. Jean, 496 U.S. 154, 161 (1990) (although Hensley was a § 1988 action, same analysis applicable to EAJA).  Pursuant to Hensley, courts are to exclude hours that were not "reasonably expended."  Hensley, 461 U.S. at 434.

Instead of reducing a fee request to fall within a predetermined range, believed to represent the amount of hours required for a routine case, it is necessary to evaluate each individual case to determine whether the fees were "reasonable."

Here, the administrative record was large (622 pages), plaintiff's counsel's work product was of a high-quality, with complete and detailed arguments, and plaintiff's counsel obtained the best outcome possible for a social security claimant–a remand for benefits.

Nevertheless, after reviewing the petition, I share Judge Stewart's concern about the duplication of work by two attorneys, one more experienced than the other. <u>Hensley</u> addressed just this situation, stating,

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

<u>Id.</u>  Here, the use of inexperienced counsel resulted in work that was "excessive, redundant, or otherwise unnecessary" in that Betsy Stephens spent 31.75 hours on an opening brief, which Ralph Wilborn then spent 18.75 hours reviewing and finalizing. <u>See id.</u>  In order to account for this duplication of effort, I reduce Betsy Stephens' hours by 50 percent.

As for Tim Wilborn's billing practice, this was not an argument raised by the Commissioner in his objections to the EAJA petition. Although a 6 minute billing increment would be a more precise measurement, I do not consider the 10 minute billing increment to be an "[im]proper exercise by counsel of 'billing judgment' when requesting an award of fees from the opposing party," Findings and Recommendation at 5, particularly since the practice resulted in a total of only 1.5 hours.

In sum, plaintiff is entitled to recover EAJA fees for 63.0 hours at the hourly rate of $161.85, for a total of $10,196.55.

///


///

Page 4 - ORDER

Accordingly, I MODIFY Judge Stewart's Findings and Recommendation (#40) and GRANT plaintiff's Application for Fees Pursuant to the Equal Access to Justice Act (#34) in the amount of $10,196.55.

IT IS SO ORDERED.

Dated this _____5th_____ day of December, 2007.

                                                    /s/ Garr M. King
                                                    Garr M. King
                                                    United States District Judge