IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DELLA CARR, guardian *ad litem* for minor child A. P. O/B/O AMY PETTINGILL (deceased),<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>    Defendant. | CV 06-825-ST<br><br>FINDINGS AND RECOMMENDATION |

STEWART, Magistrate Judge:

## **INTRODUCTION**

After prevailing in this case, plaintiff filed an Application for Fees Pursuant to the Equal Access to Justice Act, 28 USC § 2412(d) ("EAJA"), in the sum of $12,000.00 representing 79.59 hours of work (docket #34). Defendant objected to 79.59 hours as unreasonable and urged a reduction to 40 hours for a reduced fee of $6,474.00. This court recommended that plaintiff's

1 - FINDINGS AND RECOMMENDATION

hours should be reduced to 44 hours for an attorney fee award of $7,121.40 (docket #40). After plaintiff objected to the recommendation, Judge Garr M. King awarded plaintiff EAJA fees for 63 hours at the hourly rate of $161.85, for a total of $10,196.55 (docket #44). Plaintiff now seeks supplemental EAJA fees in the sum of $4,447.40 expended for litigating entitlement to an EAJA fee award (docket #45). For the reasons set forth below, this court recommends that plaintiff's motion be granted in the sum of $3,797.86.

## FINDINGS

An EAJA applicant should be awarded "fees for fees" to the extent that the applicant is successful in the underlying fee litigation. *See Comm'r, INS v. Jean*, 496 US 154 (1990) (second finding of "substantial justification" not required when seeking "fees on fees"). According to their time sheets, Ralph Wilborn spent 9.50 hours between October 1 and November 14, 2007, and Tim Wilborn spent at least 16.25 hours between September 18, 2007, and March 3, 2008, for a total of 25.95 hours researching and drafting plaintiff's submissions in support of her attorney fee request. At the 2007 EAJA hourly rate, adjusted for inflation, of $166.46, the total amount requested is $4,319.64 (25.95 hours x $166.46). Tim Wilborn then spent an additional .75 hour to write the reply brief, for an additional request of $127.46 at the current EAJA hourly rate of $169.95. Thus, the total supplemental award requested is $4,447.10 ($4,319.64 + $127.46).

The Commissioner objects to the number of hours requested as unreasonable, pointing out that plaintiff did not recover the entire amount of $12,000.00 originally requested. Because this court concluded that the Commissioner's objections were justified in part, the Commissioner urges that the supplemental attorney fee requested by plaintiff should be reduced.

Plaintiff responds that she obtained 84.97% of the amount of attorney fees sought and

that the court almost entirely rejected the Commissioner's arguments for reducing the fee.  She also notes that after filing her initial motion, her objections to the Magistrate Judge's recommendation required additional research.  Plaintiff's attorneys admit that this additional research was extensive, but was justified by the need to settle once and for all the issue of the reasonableness of hours in EAJA litigation.  Relying on *Harden v. SSA*, 497 F Supp 2d 1214 (D Or 2007), decided by Judge Mosman, the Magistrate Judge adopted 20-40 hours as the range of time reasonably spent in social security cases absent circumstances warranting a greater time commitment.  Plaintiff disputed any consensus among district courts supporting the conclusion in *Harden* and, after researching 200+ EAJA cases (according to the time sheets), found many cases decided by other district courts awarding fees for more than 40 hours.  That research apparently persuaded Judge King not to follow *Harden*.  Plaintiff then successfully used that same research in another case before Judge King.

Given that plaintiff obtained a higher fee based on her attorneys' extensive research, she ought to recover the time incurred for that research.  However, given that she was not 100% successful in her original fee litigation, she invites the court to award her supplemental fees only tot he extent that she was successful.  This court accepts that invitation and recommends that plaintiff be awarded 84.97% of the supplemental attorney fee requested, or $3,670.40 ($4,319.64 x 84.97%), plus $127.46 for drafting the reply brief, for a total of $3,797.86.

## **RECOMMENDATION**

Plaintiff's Supplemental Application for Fees Pursuant to the Equal Access to Justice Act (docket #45) should be GRANTED in the reduced sum of $3,797.86.

///

3 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due by May 9, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 23rd day of April, 2008.

                                                                                          _____
                                                                                          Janice M. Stewart
                                                                                          United States Magistrate Judge